24-1363
United States v. Ross

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                     No. 24-1363

ERIC ROSS,

> *Defendant-Appellant*.

_____

FOR APPELLEE:                                    JOSEPH S. HARTUNIAN, Assistant
                                                 United States Attorney, *for* Carla
                                                 B. Freedman, United States
                                                 Attorney for the Northern District
                                                 of New York, Albany, NY.


FOR DEFENDANT-APPELLANT:                          JAMES P. EGAN, Assistant Federal
                                                 Public Defender, Office of the
                                                 Federal Public Defender,
                                                 Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Defendant-Appellant Eric Ross pleaded guilty to attempted enticement of a minor and possession and distribution of child pornography. He was sentenced principally to a 180-month term of imprisonment and a 25-year term of supervised release. On appeal, Ross challenges his sentence on both procedural and substantive grounds.

We assume the parties' familiarity with the underlying facts and the procedural history, which we recount only as necessary to explain our decision to affirm the district court's judgment.

## APPLICABLE LAW

A sentence is procedurally unreasonable where the district court commits a

2

significant procedural error in determining the defendant's sentence. *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). A significant procedural error occurs when the district court fails to calculate or makes a mistake in calculating the Sentencing Guidelines range, treats the Guidelines as mandatory, fails to consider the sentencing factors laid out in 18 U.S.C. § 3553(a), relies on a clearly erroneous finding of fact, or inadequately explains the chosen sentence. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

In assessing a sentence's substantive reasonableness, we consider whether each § 3553(a) sentencing factor[1] can bear the weight the district court has assigned it. *Id.* at 191. We will vacate a sentence for being substantively unreasonable where it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

---

[1] Section 3553(a) requires that the court consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when determining what sentence to impose. 18 U.S.C. § 3553(a)(1). Additionally, § 3553(a)(2) requires the court to consider

> the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
> . . . .

*Id.* § 3553(a)(2).

**DISCUSSION**

Ross challenges both the procedural and substantive reasonableness of his sentence. For the reasons that follow, we affirm the district court's judgment.

## I.    Procedural Reasonableness

Ross claims his sentence is procedurally unreasonable because the district court relied on a clearly erroneous finding of fact. Specifically, Ross claims the district court erroneously stated that prior to sentencing, Ross had not disclosed a non-sexual motive for his charged conduct—namely, that he was acting as a vigilante to protect children from adults who trafficked them. We review the district court's factual findings for clear error. *United States v. Si Lu Tian*, 339 F.3d 143, 156 (2d Cir. 2003).

The district court considered the alleged non-sexual motive when sentencing Ross and, in light of the rest of the evidence, rejected it. *See* App'x at 109–15. This was the key factual finding upon which the district court relied, and we cannot say the district court clearly erred in its weighing of competing narratives. We also cannot conclude that the district court's statements with respect to when it learned of Ross's supposed non-sexual motive otherwise constitute a clearly erroneous finding of fact.

## II.    Substantive Reasonableness

Next, Ross claims that his sentence is substantively unreasonable. We disagree. Ross points us to no precedent vacating a comparable sentence for a comparable

4

defendant convicted of comparable crimes.    In view of the record before us, we cannot say that Ross's sentence was "shockingly high," *Rigas*, 583 F.3d at 123, or in any other way outside "the range of permissible decisions," *Cavera*, 550 F.3d at 189.

*       *       *

We have considered Ross's remaining arguments and find them to be without merit.    Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5